IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

CAMERON HEATHCOCK,

      PLAINTIFF,

VS.                        CV NO.:

MOBILE COUNTY HEALTH
DEPARTMENT,

      DEFENDANT.               JURY TRIAL DEMANDED

COMPLAINT

## I. JURISDICTION

1.    This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, 2202, 29 U.S.C. § 2617(a)(2). This is a suit authorized and instituted pursuant to the "Family and Medical Leave Act of 1993," 28 U.S.C. § 2601, *et. seq.* ("FMLA"). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights and Defendant's violation of this act and for injunctive relief and damages.

2.    Defendant, Mobile County Health Department (hereinafter "Defendant"), is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2). Defendant employed at least fifty (50) persons for each working day during each of 20 or more calendar workweeks in the current or preceding calendar

year. Defendant employed these fifty (50) employees within 75 miles of Plaintiff's worksite.

## II.  PARTIES

3.     Plaintiff, Cameron Heathcock (hereinafter "Plaintiff"), is a resident of Wagarville, Washington County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case.   Thus, pursuant to 28 U.S.C.  § 1391(b), venue for this action lies in the Northern District of Alabama,  Mobile Division.

4.     Defendant   (hereinafter "Defendant"), is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama.  Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 621(a)(2), and 29 U.S.C.  § 201, *et seq.*  Defendant employed at least twenty (20) persons during the current or preceding calendar year.  Therefore, this Court has personal jurisdiction over Defendant.

## III.  STATEMENT OF FACTS

5.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-4 above.

6.     Defendant hired Plaintiff on or about September 22, 2012, as a full-time Licensed Practical Nurse (LPN).

7.      On or about October 1, 2015, Plaintiff became pregnant with twins.

8.      Plaintiff immediately notified her co-workers and managers that she was pregnant.

9.      Defendant employed Johndra Lewis.  ("Lewis").

10.     Lewis served in the role of Clinic Administrator while working for Defendant.

11.     On or about April 26, 2016, Plaintiff notified the Defendant of her intention to take FMLA leave to recover from childbirth and bond with her newborns.

12.     On or about May 3, 2016, Plaintiff began taking FMLA leave after her doctor placed her on bed rest.

13.     Defendant employed Janice Morris.  ("Morris").

14.     Morris served in the position of Nurse while employed by Defendant.

15.     While Plaintiff was on FMLA leave, Defendant placed Morris, who had previously been working a later shift, into Plaintiff's LPN position.

16.     Plaintiff remained on FMLA leave until on or about July 12, 2016, when her doctor cleared her to return to work full-duty.

17.     Defendant employed Ryan McCrary.  ("McCrary")

18.     McCrary served in the position of Clinic Administrator for Defendant's North Mobile and Citronelle clinics.

19.     In July 2016, Plaintiff immediately called McCrary after being released to return to work.

20.     During the phone conversation, Plaintiff told McCrary that she wanted to return to work in her former position.

21.     McCrary told Plaintiff that that he did not think that she intended to return to work after delivering her twins.

22.     Shocked that Defendant presumed that she would not return, Plaintiff asked McCrary why he believed she would not return.

23.     McCrary replied that a staff member had told him that she was not returning.

24.     McCrary refused to identify the person that had made the alleged statement.

25.     Plaintiff told McCrary that she had not turned in a notice of resignation, participated in an exit interview, or told any of Defendant's employees that she wanted to resign.

26.     Plaintiff again told McCrary that she wanted to return to her former position.

27.     After Plaintiff told McCrary that she expected to return to her former position, he responded by saying that Defendant had hired three people while she

4

was on maternity leave and that they would have to see what the next steps would be.

28.     A few days later, McCrary told Plaintiff that the only position that he could offer her was a *Pro Re Nata* (PRN) position.

29.     Plaintiff responded that she needed the scheduled days she had prior to taking her FMLA leave.

30.     McCrary said that he would give her PRN hours until they could figure out how to rectify the situation.

31.     After her return from FMLA leave, Defendant scheduled Plaintiff an average of five work days per month.

32.     After her return from FMLA leave, Defendant did not return Plaintiff to her former position.

33.     After her return from FMLA leave, Defendant did not place Plaintiff in a equivalent position in terms of working conditions, total pay, benefits, privilege, and status.

34.     Plaintiff was never returned to her former position.

35.     Full time employees of the Mobile County Health Department are eligible for cost of living adjustments on an annual basis when budgeted by the County Commission.

36.     Full time Mobile County Health Department employees are eligible for merit increases when such increases are budgeted.

37.     Full time Mobile County Health Department employees are eligible for discretionary bonuses, when such bonuses are budgeted.

38.     Defendant failed to return Plaintiff to her full time position, and instead changed Plaintiff's employment to PRN status, such that Defendant excluded Plaintiff from receiving cost of living adjustments.

39.     Defendant failed to return Plaintiff to her full time position, and instead changed Plaintiff's employment to PRN status, such that Defendant excluded Plaintiff from merit increases.

40.     Defendant failed to return Plaintiff to her full time position, and instead changed Plaintiff's employment to PRN status, such that Defendant excluded Plaintiff from earning any discretionary bonuses.

## IV. COUNT ONE - FMLA INTERFERENCE

41.     Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 40 above as if fully set forth herein.

42.     During the 12-month period prior to Plaintiff's change in status, Defendant employed Plaintiff for at least 1,250 hours of service.

43.    Defendant employs fifty (50) or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year of Plaintiff's May 3, 2016, leave.

44.    During the week of May 3, 2016, Defendant employed fifty or more employees, that worked within 75 miles of the location where Plaintiff worked.

45.    Defendant employed Johndra Lewis as a Clinic Administrator.

46.    On April 1, 2016, Plaintiff provided notice of foreseeable FMLA leave to Lewis.

47.    Plaintiff provided notice of her foreseeable need of FMLA leave.

48.    Prior to May 3, 2016, Plaintiff had never previously informed Defendant of the need for FMLA leave.

49.    Defendant provided Plaintiff with a Notice of Eligibility and Rights and Responsibilities form.

50.    Defendant provided Plaintiff with an FMLA Designation Notice form.

51.    Defendant provided Plaintiff with an FMLA Certification of Health Care Provider for Employee's Serious Health Condition form.

52.    Defendant willfully interfered with Plaintiff's FMLA rights by not returning her to a position comparable to the one that she held prior to taking FMLA leave.

7

53.     In January of 2018, Defendant willfully stopped scheduling Plaintiff to work in her PRN position.

54.     As a result of Defendant's willful interference with Plaintiff's rights under the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

## V. COUNT TWO- FMLA RETALIATION

55.     Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 54 above as if fully set forth herein.

56.     During the 12-month period prior to May 3, 2016, Defendant employed Plaintiff for at least 1,250 hours of service.

57.     Defendant employed fifty (50) or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year prior to Plaintiff's May 3, 2016, leave request.

58.     During the week of May 3, 2016, Defendant employed fifty or more employees, that worked within 75 miles of the location where Plaintiff worked.

59.     On May 3, 2016, Plaintiff provided notice of foreseeable FMLA leave to Johndra Lewis.

60.     Prior to May 3, 2016, Plaintiff had never previously informed Defendant of the need for FMLA leave.

61.     Defendant provided Plaintiff with a Notice of Eligibility and Rights and Responsibilities form.

62.     Defendant provided Plaintiff with an FMLA Designation Notice form.

63.     Defendant provided Plaintiff with an FMLA Certification of Health Care Provider for Employee's Serious Health Condition form.

64.     Defendant willfully retaliated against Plaintiff because of her exercise FMLA rights by not returning her to a position comparable to the one that she held prior to taking FMLA leave.

65.     In January of 2018, Defendant willfully retaliated against Plaintiff when it stopped scheduling Plaintiff to work in her PRN position.

66.     Defendant's employees had knowledge that Plaintiff suffered from an FMLA qualifying condition for which she needed treatment through her doctor beginning on May 3, 2016.

67.     Defendant's Clinical Administrator Ryan McCrary, made the decision to stop scheduling Plaintiff.

68.     Ryan McCrary made the decision to stop scheduling Plaintiff to work in her PRN position, in whole or part, because of Plaintiff's exercise of FMLA rights.

69.     As a result of Defendant's retaliatory treatment in violation of the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

## VI.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Family and Medical Leave Act;

B.    Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position she would have had, had she not been demoted;

C.    Award her back pay, together with employment benefits, front pay, liquidated damages; special damages; nominal damages;

D.    Attorneys' fees and costs;

E.    Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 2615 that the actions of Defendant violated the law; and,

F.    Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
Allen D. Arnold

_____
Kira Fonteneau

10

**OF COUNSEL:**
FONTENEAU & ARNOLD, LLC
A Member of Five Points Law Group, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
T: (205) 252-1550 F: (205) 502-4476

## PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

_____
                    OF COUNSEL

**DEFENDANT'S ADDRESS:**

Mobile County Health Department
251 N. Bayou Street
Mobile, AL 36603